UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTORIA WILCOX,

    Plaintiff,

v.                                          Case No: 6:24-cv-1120-JSS-LHP

LOWE'S HOME CENTERS, INC.,

    Defendant.
_____/

## ORDER

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 25, 35.) Plaintiff opposes the motion. (Dkt. 32.) Upon consideration, for the reasons outlined below, the court denies the motion.

### BACKGROUND[1]

In this employment discrimination case, Plaintiff alleges that she was sexually harassed by her coworkers, made to "perform . . . job duties outside of [her] physical restrictions," and unlawfully retaliated against while employed by Defendant. (*See* Dkt. 2.) She further alleges that she ultimately resigned due to this mistreatment. (*See id.* at 9.) She accordingly raises claims of sexual harassment, constructive termination, and retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, (Dkt. 2 at 2–10, 11–12), and of violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–17,

---

[1] In general, the court draws the facts from the complaint. (Dkt. 2.) *See Crumpton v. Stephens* (*In re Northlake Foods, Inc.*), 715 F.3d 1251, 1255 (11th Cir. 2013) ("accept[ing] as true all allegations in the complaint and constru[ing] them in the light most favorable to the nonmoving party").

(Dkt. 2 at 10–11).

Plaintiff alleges she "filed charges of discrimination and harassment based upon sex and disability with the Equal Employment Opportunity Commission" (EEOC). (*Id.* at 1.) On March 20, 2024, Plaintiff received from the EEOC a notice of right to sue indicating that she had ninety days to file a legal action. (*See id.* at 2; Dkt. 2-1.) On June 18, 2024—exactly ninety days later—Plaintiff filed three documents: a civil cover sheet, her EEOC notice, and a document that does not appear to be related to this case. (*See* Dkt. 1.) The initial filing did not include a complaint. (*See id.*) Plaintiff's counsel was notified of this defect. Plaintiff filed her complaint two days later—ninety-two days after receiving her notice of right to sue. (Dkt. 2.)

Defendant answered the complaint, (Dkt. 12), and now moves for judgment on the pleadings, (Dkt. 25). Plaintiff filed a response to the motion, (Dkt. 32), and Defendant, with the court's permission, filed a reply, (*see* Dkts. 33–35).

## APPLICABLE STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Dozier v. Pro. Found. for Health Care, Inc.*, 944 F.2d 814, 816 n.3 (11th Cir. 1991) (quotation omitted). "Judgment on the pleadings is proper when no issues of material fact exist[] and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Att'y's Off. for Escambia*

*Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quotation omitted). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). As such, in determining whether a party is entitled to judgment on the pleadings, a court must "accept the facts in the [nonmoving party's pleading] as true and . . . view them in the light most favorable to the nonmoving party." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "To decide a motion for judgment on the pleadings, a court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." *Burgest v. Bd. of Regents*, No. 4:19-cv-335, 2021 WL 1187088, at *2 (S.D. Ga. Mar. 29, 2021) (quotation omitted).

## ANALYSIS

Defendant contends that Plaintiff's claims must be dismissed with prejudice because they are time-barred. (Dkt. 25 at 4–6.) It also asserts that Plaintiff's complaint is a shotgun pleading. (*Id.* at 7–10.) The court considers each argument in turn.

### A. Time-Barred

Under both Title VII and the ADA, a lawsuit must be initiated within ninety days of the plaintiff's receipt of the notice of right to sue. *See Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) (Title VII); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (ADA). It appears undisputed that Plaintiff's claim was filed outside of this ninety-day window. (*See* Dkt. 2; Dkt. 32 at 4

(indicating that Plaintiff "cannot represent that the complaint was uploaded" on June 18, 2024).) Accordingly, Defendant maintains that Plaintiff's claim is time-barred. (*See* Dkt. 25 at 5.) However, in her response to Defendant's motion, Plaintiff "request[s] the [c]ourt consider the doctrine of equitable tolling." (Dkt. 32 at 5.) The ninety-day limitation period applicable to Title VII and ADA claims is not a jurisdictional prerequisite and is therefore subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *see Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (holding that "equitable tolling requires the party seeking tolling to prove" both that he pursued his rights "diligently" and that "some extraordinary circumstance prevented . . . timely filing").

Plaintiff's response to Defendant's motion includes affidavits and other evidence to support her equitable tolling argument. (Dkt. 32 at 14–20.) The court cannot consider this evidence in ruling on Defendant's motion without converting it into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "The court has . . . broad discretion when deciding whether to treat a motion for judgment on the pleadings as a motion for summary judgment even though supplementary materials are filed by the parties and the court is not required to take cognizance of them." *Depositors Ins. Co. v. WTA Tour, Inc.*, 576 F. Supp. 3d 1066, 1072 (M.D. Fla. 2021) (alteration adopted and quotation omitted). The court

declines to exercise its discretion at this early stage in the litigation. Accordingly, because the court cannot resolve the issue of equitable tolling solely on the pleadings, the court denies Defendant's motion. *See Al-Hakim v. Florida*, 892 F. Supp. 1464, 1468 n.2 (M.D. Fla. 1993) (recommending denial of a motion for judgment on the pleadings because the parties "relied on matters outside the pleadings"), *report and recommendation adopted by* 892 F. Supp. 1464, 1467 (M.D. Fla. 1995); *Smith v. DeJoy*, No. 6:23-cv-2265-ACC-RMN, 2024 U.S. Dist. LEXIS 124077, at *10 (M.D. Fla. July 12, 2024) (determining that, because the parties "relie[d] on documents outside the four corners of the [c]omplaint" in asserting and disputing the plaintiff's entitlement to equitable tolling, "the matter [wa]s not appropriately addressed as a motion to dismiss"). However, because Plaintiff's complaint does not appear to have been timely filed, Defendant may reassert this argument at the summary judgment stage.

### B. Shotgun Pleading

The parties further dispute whether the complaint constitutes a shotgun pleading. (*See* Dkts. 25, 32.) A shotgun pleading is a complaint that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The "most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Defendant submits that Plaintiff's complaint "is a quintessential shotgun pleading because Counts II through

IV . . . reincorporate the allegations in the preceding counts." (Dkt. 25 at 7.) This argument is unavailing.

To be sure, Plaintiff does reincorporate certain paragraphs of Counts I, II, and III into Counts II, III, and IV of her complaint. (*See* Dkt. 2 at 6–12.) The counts do not, however, "adopt[] the allegations of all preceding counts." *Weiland*, 792 F.3d at 1321. More importantly, Plaintiff's complaint gives sufficient notice to Defendant of the claims against it and the grounds upon which each claim rests and is therefore not a shotgun pleading. (*See* Dkt. 2.) *See Williamson v. Travelport, LP*, 953 F.3d 1278, 1299 (11th Cir. 2020) (refusing to dismiss a complaint on shotgun pleading grounds where "each claim for relief in the complaint d[id] not indiscriminately incorporate *all* of the factual allegations set forth in the prior claims for relief," even though "[e]ach claim incorporate[d] different paragraphs" of the preceding counts); *Weiland*, 792 F.3d at 1325 (noting that dismissal on shotgun pleading grounds "is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" (quotation and emphasis omitted)). Indeed, Defendant was able to answer the complaint, rendering its shotgun pleading argument generally unpersuasive. (Dkt. 12.) *See Your Baby Can, LLC v. Planet Kids, Inc.*, No. 10-81266-CIV, 2011 WL 197421, at *1 (S.D. Fla. Jan. 20, 2011) ("Filing an answer suggests to this [c]ourt that it was not 'virtually impossible' for [the d]efendants 'to know which allegations of fact are intended to support which claim(s) for relief.'" (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996))).

## CONCLUSION

Accordingly, Defendant's motion (Dkt. 25) is **DENIED**.

**ORDERED** in Orlando, Florida, on July 21, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record